UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN DOE,
JOHN DOE, AS NEXT FRIEND OF JAMES DOE
JOHN DOE, AS NEXT FRIEND OF JANE DOE

                Plaintiffs, PRO SE

v.                                                  Civ. No._____

MARY DOE,
THE NEW YORK TIMES COMPANY,
SERIAL PRODUCTIONS, LLC

                Defendants

**COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF (FILED UNDER SEAL / REDACTED PURSUANT TO FED. R. CIV. P. 5.2)**

**I. PARTIES**

A. <u>The Plaintiffs</u>

Plaintiff John Jane Doe is a citizen of the United States and of the Commonwealth of Massachusetts. Although currently incarcerated at **REDACTED,** he retains his Massachusetts domicile, where he lived at the time of his arrest, where he maintains his driver's license, and where his family and permanent residence are located. He intends to return to Massachusetts upon his release.

Plaintiff James Doe is a minor child, twelve and a half years of age, a citizen of the United States and of the Commonwealth of Massachusetts. He is represented in this action by his father and Next Friend, John Jane Doe.

Plaintiff Jane Doe is a minor child, seven years of age, and a citizen of **REDACTED**. She currently resides in Massachusetts. She is represented in this action by her father and Next Friend, John Jane Doe.

1

B. The Defendants

Defendant **Mary Doe** is an individual who is a resident of the State of New York.

Defendant **The New York Times Company** is a corporation incorporated under the laws of the State of New York, with its principal place of business located at 620 Eighth Avenue, New York, New York.

Defendant **Serial Productions, LLC** is a **Delaware limited liability company** and a subsidiary of The New York Times Company, with its principal place of business at 620 Eighth Avenue, New York, New York 10018.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, because certain claims arise under the Lanham Act, 15 U.S.C. Sec. 1125(a)(1)(A).

This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between residents of different States.

Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim, specifically the imminent and irreparable social, educational, and security-related harm to the minor Plaintiffs, is likely to occur within this District.

## III. STATEMENT OF FACTS

This action arises from a decades-long family feud that now threatens to engulf two innocent minors, Plaintiffs James Doe and Jane Doe

Plaintiff John Jane Doe is a private person currently incarcerated at FCI Fort Dix. Defendant M. Jane Doe is a first cousin of John Jane Doe and an author employed by Defendant The New York Times Company. The cousins have been at odds for approximately twenty-five years as a consequence of a dispute over the intellectual property rights of their common grandmother.

Sometime in 2023, Defendant M. Jane Doe told John Jane Doe that she was preparing a single podcast for the radio program This American Life. She requested John's "side of the story" as a rebuttal to interviews already recorded with the minor Plaintiffs' mother.

Relying on this specific representation, in May 2024, John Jane Doe agreed to be recorded via telephone. Upon learning in 2025 that the recordings were being moved to a massive, multi-part commercial production for Defendant The New York Times Company, John Jane Doe explicitly withdrew his consent.

The story that M. Jane Doe intends to publish arose out of John Jane Doe's federal criminal conviction but grew to cover the entire family. At the heart of the story are John's children: Plaintiffs James Doe and Jane Doe, who have both survived significant trauma. One or both children have been victims of kidnapping, neglect, emotional abuse, forced separation from one of the parents, violence and other misfortunes. At different times they both witnessed the arrests of their parents and themselves have been taken to foster families, to police holding cells and prisons. Children have been deeply traumatized by these experiences and have struggled to achieve stability.

James Doe, who was born prematurely due to the in vitro exposure to cocaine, is at a critical developmental age where social stigmatization and bullying resulting from embarrassing public disclosures would be devastating. It would undermine his mental and emotional stability.

Jane Doe, born via surrogacy and fraudulently registered as a fatherless child, is lacking the United States citizenship and faces the immediate threat of deportation if her status is publicized by the Defendants.

Defendants intend to disclose deeply private family matters involving the minor Plaintiffs; information that M. Jane Doe obtained solely through her status as a family member.

John Jane Doe maintains a strong international professional reputation centered in Israel. Given the Defendants' perceived strong anti-Israel bias following their coverage of the October 7th terrorist attack on Israel, a false suggestion of his recent "cooperation" with the Defendants would cause severe reputational and professional tarnishment to John Jane Doe.

### IV. CLAIMS FOR RELIEF.

<u>Count I. Violation of the Right to Privacy (M.G.L. 214, Sec. 1B) - asserted by the Plaintiffs against both Defendants.</u>

3

Plaintiffs incorporate by reference the preceding paragraphs of the Complaint as if fully set forth herein. Between 2023 and 2026 Defendants have gathered facts of highly personal and intimate nature about the minor Plaintiffs.

Defendants now intend to disclose and disseminate the facts about the minor children to the audience of several million people, many of whom are living in the same local community where the Plaintiffs reside. They include the minor Plaintiffs' peers, the parents of the Plaintiffs' peers, their teachers and others. Upon information and belief, the dissemination will be accomplished through a series of entertainment Podcasts scheduled to be released by the Defendants during the first half of March, 2026.

The disclosure and dissemination of private facts about the minor Plaintiffs would constitute unreasonable, substantial or serious interference with the privacy of the minor children and may cause the children irreparable harm, potentially including social stigmatization, bullying, public embarrassment, shaming, ostracism, ridicule, violence, racial or ethnic tension, and/or deportation from the United States.

Minor Plaintiffs have not consented to the disclosure of private facts about them. Nothing about the minor Plaintiffs is newsworthy, warrants public exposure or represents legitimate public interest.

## Count II. Promissory Estoppel - asserted by Plaintiff John Jane Doe against both Defendants.

Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

In or about May 2023, Defendant, Journalist M. Jane Doe, solicited Plaintiff for an audio-recorded interview.

Prior to the interview, Defendant expressly represented, including in written communications, that the recording would be used solely for an episode of This American Life.

Defendant's representation that the recording would be used exclusively for This American Life constituted a clear and definite promise limiting the scope of distribution.
Defendant knew or reasonably should have known that Plaintiff would rely upon this representation in deciding whether to participate in the recorded interview.

Plaintiff reasonably relied upon Defendant's express promise that the recording would be used only for This American Life and would not be distributed by or through any other media entity.

4

But for Defendant's representation limiting the scope of use, Plaintiff would not have agreed to the interview or recording.

Plaintiff's reliance was reasonable under the circumstances, particularly given the absence of any written release authorizing broader or unrestricted distribution.

Upon information and belief, Defendants now intend to publish, distribute, or otherwise exploit Plaintiff's recorded voice and statements through The New York Times and/or its affiliated podcast or media platforms.

Such expanded distribution materially exceeds the scope of the promise made to Plaintiff and contradicts the express limitation upon which Plaintiff relied.

As a direct and proximate result of Plaintiff's reasonable reliance on Defendant's promise, Plaintiff has suffered and will continue to suffer damages, including but not limited to reputational harm, loss of control over the use of his recorded voice, and other consequential damages to be determined at trial.

Injustice can be avoided only by enforcement of Defendant's promise limiting distribution to This American Life and by prohibiting Defendants from using or distributing Plaintiff's recorded voice beyond the agreed-upon scope.

<u>Count III. Violation of the Lanham Act (15 U.S.C. Sec. 1125(a)(1)(A); False Association/Endorsement.) - asserted by Plaintiff John Jane Doe against Defendant the New York Times Company.</u>

Plaintiff John Jane Doe incorporates by reference all the prior paragraphs of the Complaint as if fully set forth herein.

Defendant New York Times Company is planning to use Plaintiff John Jane Doe's name and voice recordings in connection with the sale of commercial entertainment content products in order to generate digital subscription and advertising revenues. The intended manner of using John Jane Doe's name and voice is likely to deceive or confuse consumers into believing that John Jane Doe has agreed to associate or affiliate himself with the New York Times Company.

The New York Times Company will knowingly use John Jane Doe's name and voice without his consent to exploit and monetize whatever limited notoriety or celebrity he had achieved because of his criminal conviction.

The false association with the New York Times Company will cause significant damage to John Jane Doe's professional reputation and to his earning potential in Israel and elsewhere due to the New York Times Company's perceived severe anti-Israel bias.

While Defendant New York Times Company has a right to report facts about John Jane Doe which may be newsworthy and of public interest, this right does not extend to the use of John Jane Doe's improperly obtained voice recordings as an instrument to generate profit for digital entertainment content.

**V. REQUEST FOR RELIEF**

Issue a Permanent Injunction prohibiting the broadcasting, streaming, distributing, publishing or transmitting private facts about and concerning Plaintiffs James Doe and Jane Doe and broadcasting, streaming, distributing or transmitting Plaintiff John Jane Doe's voice recordings.

Order Defendants to delete and destroy all unauthorized recordings of Plaintiff John Jane Doe's voice.

Award appropriate damages for emotional distress and endangerment of Plaintiffs James Doe and Jane Doe and the injury to the reputation of John Jane Doe.

**VI. REQUEST FOR JURY TRIAL**

Plaintiffs request trial by jury of all issues of fact.

Respectfully submitted,                                February 25, 2026

**John Doe, Plaintiff Pro Se**

Address on file with the Court under seal